# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  SHELTER MUTUAL INSURANCE COMPANY, <br><br>  Plaintiff, <br><br> v. <br><br> 1.  MAHBUB LLC, <br> 2.  MS CORPORATION, <br> 3.  MD MAHBUBUL ALAM, <br> 4.  SADIA ISLAM, <br> 5.  HAILEY MUNDS, and <br> 6.  ALICIA SCOTT <br><br>  Defendants. | Case No. 21-cv-00063-JED-CDL |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Shelter Mutual Insurance Company ("Shelter") and requests Declaratory Judgment, pursuant to 28 U.S.C. § 2201, regarding coverage and its duty to indemnify and defend Mahbub LLC, MS Corporation, MD Mahbubul Alam, and Sadia Islam, in Case No. CJ-2020-2995 filed by Hailey Munds and Alicia Scott in the District Court of Tulsa County ("Underlying Action"), under a General Liability Policy, No. 35-31-8861498-3, issued to Mahbub LLC, and a Homeowners' Policy, No. 35-71-8861498-1, issued to MD Alam and Sadia Islam, for injuries and damages alleged by Ms. Munds and Ms. Scott resulting from the workplace conduct of Mr. Alam, their boss.

1. Plaintiff Shelter is a foreign insurance company with its principal place of business in the state of Missouri.

2. Defendant Mahbub LLC is an Oklahoma limited liability company.

3. Defendant MS Corporation is an Oklahoma corporation with its principal place of business in Broken Arrow, Oklahoma. Upon information and belief, MS Corporation does business as Hemp Cannabis Dispensary at 618 S. Elm Place in Broken Arrow.

4. Defendant MD Mahbubul Alam ("Mr. Alam") is a citizen of the state of Oklahoma.

5. Defendant Sadia Islam ("Ms. Islam") is a citizen of the state of Oklahoma.

6. Defendant Hailey Munds ("Ms. Munds") is a citizen of the state of Oklahoma.

7. Defendant Alicia Scott ("Ms. Scott") is a citizen of the state of Oklahoma.

8. The matter in controversy exceeds, exclusive of interest, the sum of Seventy-Five Thousand Dollars ($75,000.00). This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

9. In the Underlying Action, Ms. Munds and Ms. Scott allege, among other things, they were employed by MS Corporation d/b/a Hemp Cannabis Dispensary and under the supervision of Mr. Alam, who was regularly and systematically inappropriate with them including lewd comments and gestures, improperly touching them, and kidnapping and sexually assaulting them. Ms. Munds and Ms. Scott further allege Mr. Alam was charged and pleaded guilty in Case No. CF-2019-2989, in the District Court of Tulsa County, to two counts of Felonious Kidnapping related to his conduct against them. Ms. Munds further alleges that Mr. Alam stalked, harassed and assaulted her before and after his conviction in violation of a protective order. Ms. Munds and Ms. Scott further allege that Ms. Islam was an owner of Hemp Cannabis Dispensary and responsible for recruiting and hiring female employees. They allege Ms. Islam negligently hired, supervised, retained and trained her

husband, Mr. Alam, and that Ms. Islam and Hemp Cannabis Dispensary negligently promoted and fostered polices and procedures that allowed Mr. Alam to harm female employees. Ms. Munds and Ms. Scott further allege they suffered emotional harm, great anxiety and severe emotional distress. They further allege they are entitled to actual and punitive damages. Each of them asserts damages "in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code."

10. Shelter issued a General Liability Policy to Mahbub LLC for the insured's operation of a "convenience store gas station." Upon information and belief, and unbeknownst to Shelter, the insured converted the premises and operation to a cannabis dispensary operated by a different entity, MS Corporation. MS Corporation d/b/a Hemp Cannabis Dispensary is not an insured under Shelter's General Liability Policy.

11. Shelter's General Liability Policy issued to Mahbub LLC provides liability coverage for the insured and its employees and volunteers but only for acts within the scope of their employment or while performing duties related to the conduct of the insured LLC's business. The liability coverage provisions specifically exclude injury that is intended or expected by the insured. The liability coverage provisions also specifically exclude injury to an employee arising out of and in the course of employment for the insured. Moreover, for liability coverage to apply, there must be an "occurrence," which is defined an accident.

12. Under the General Liability Policy, personal injury damages are excluded for criminal acts and/or knowing violation of the rights of another.

13. For an injury to be covered by Shelter's General Liability Policy, such injury must

be a "bodily injury," not an emotional injury.

14. Punitive damages are not insurable under Oklahoma law and may not be imposed upon Shelter via the General Liability Policy.

15. Shelter issued a Homeowners Insurance Policy to Mr. Alam and Ms. Islam, who are the only insureds. For liability coverage to apply under the Homeowners Policy, there must be an "occurrence," which is defined as an accident. Emotional and/or mental injuries are not covered in the absence of a physical injury. Punitive damages are excluded. Damages arising out of an insured's business activity and/or arising out of the condition of a premises owned or operated by an insured, other than the insured residence, are excluded. Damages that any insured intentionally caused or that a reasonable person would expect to result from any insured's intentional acts are excluded. Damages arising out of any insured's criminal activity are excluded.

16. On October 2, 2020, Defendants Ms. Munds and Ms. Scott brought the Underlying Action in Tulsa County against MS Corporation, Mr. Alam and Ms. Islam.

17. The amount in controversy in this Declaratory Judgment action is in excess of $75,000.00 based on the applicable limits of coverage in the General Liability and Homeowners Insurance Policies and the express jurisdictional allegations in the Petition filed in the Underlying Action.

18. Shelter asserts that no coverage exists under either the General Liability Policy or the Homeowners Policy for all of the claims asserted by Ms. Munds and Ms. Scott in the Underlying Action for the reasons set forth above.

19. There is an actual, real and substantial controversy now existing between the parties in respect to the Policies, and by Order and Decree herein, all rights, duties and legal relations of the parties hereto should be immediately, definitely and judicially determined, adjudicated and declared.

20. Based on the above facts, Shelter is entitled to a declaratory judgment that it has no duty to defend or indemnify Mahbub LLC, MS Corporation, Mr. Alam and Ms. Islam in the Underlying Action and that Shelter has no obligation under the Policies for the damages asserted therein by Ms. Munds and Ms. Scott.

WHEREFORE, Plaintiff Shelter Mutual Insurance Company, prays for a judgment from this Court declaring the rights, duties and obligations between it and the Defendants herein, and that based on the above facts, such judgment should be that Shelter has no obligations under the Policies for the matters described in the Underlying Action.

*/s/ Rodney D. Stewart*
Rodney D. Stewart
Bar Number: 15105
Attorney for Plaintiff
Stewart Law Firm
801 NW 63rd Street., Suite 100
Oklahoma City, OK 73116
Telephone:  (405) 601-6060
Facsimile:  (405) 254-5118
E-Mail: rds@rstewartlaw.com